NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3348
_____

JAVIER GONZALEZ,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A088-034-323)
Immigration Judge:  Honorable Rodger C. Harris
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 8, 2012
Before:  SCIRICA, CHAGARES and GREENBERG, Circuit Judges

(Filed: February 24, 2012 )
_____

OPINION OF THE COURT
_____

PER CURIAM.

Petitioner Javier Gonzalez, an Ecuadorian citizen, seeks review of the Board of

Immigration Appeals' final order of removal.  For the following reasons, we will deny

the petition for review.

## I.

Gonzalez entered the United States in 1994. In 2009, he was issued a notice to appear that charged him as removable under 8 U.S.C. § 1182(a)(6)(A)(i), for being present without being admitted or paroled. Gonzalez subsequently applied for cancellation of removal pursuant to 8 U.S.C. § 1229b(b), based on the hardship that his removal would cause his wife, who is a United States citizen.

After a hearing, the Immigration Judge ("IJ") denied Gonzalez's request for relief, concluding that he had failed to establish that his removal would result in exceptional and extremely unusual hardship to his wife even though she has several health issues. See 8 U.S.C. § 1229b(b)(1)(D). The BIA subsequently dismissed Gonzalez's appeal. The BIA agreed that Gonzalez's wife was physically able to keep working, has medical insurance, and receives Social Security benefits. Further, although Gonzalez has helped care for his wife, the BIA emphasized that her health problems started before she met Gonzalez and that she had previously taken care of herself. The BIA also stated that Gonzalez had not established that his wife's daughter would not be able to help care for her, or that his wife would be unable to obtain adequate medical treatment should she accompany him to Ecuador.

Gonzalez now seeks review of the BIA's decision. The Government has filed a motion to dismiss, asserting that we lack jurisdiction to consider the petition for review.

We have jurisdiction to review a final order of removal pursuant to 8 U.S.C. § 1252(a)(1). We review the BIA's decision for substantial evidence, considering whether it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Balasubramanrim v. I.N.S., 143 F.3d 157, 161 (3d Cir. 1998) (internal quotation and citation omitted).

To obtain cancellation of removal, an applicant must show, among other things, that removal would cause exceptional and extremely unusual hardship to his or her spouse, child, or parent who is a United States citizen or a legal permanent resident. 8 U.S.C. § 1229b(b)(1)(A)-(D). Here, the BIA found that Gonzalez did not demonstrate such hardship, and the Government correctly argues that we do not have jurisdiction to review that discretionary determination. See 8 U.S.C. § 1252(a)(2)(B); Mendez-Moranchel v. Ashcroft, 338 F.3d 176, 179 (3d Cir. 2003). We do retain jurisdiction to review constitutional claims or questions of law. 8 U.S.C. § 1252(a)(2)(D); Mendez-Reyes v. Att'y Gen., 428 F.3d 187, 189 (3d Cir. 2005).

Gonzalez argues that the IJ violated his due process rights by mischaracterizing testimony and discounting evidence that his wife would have difficulty functioning in Ecuador due to her poor health and Spanish language skills. He also asserts that the IJ erred by finding that, "even with the evidence" of his wife's illnesses and his financial and emotional assistance, "it would not be a hardship of the necessary level if he were removed." Gonzalez then claims that it was improper for the IJ to rely on his wife's

history of self-sufficiency and the possibility that her daughter may be able to care for her, when she testified that the daughter may not be able to do so and that it was difficult for her to support herself.

"Petitioners alleging 'constitutional claims' under § 1252(a)(2)(D) must, as a threshold, state a colorable violation of the United States Constitution." Jarbough v. Att'y Gen., 483 F.3d 184, 189 (3d Cir. 2007); Pareja v. Att'y Gen., 615 F.3d 180, 186-87 (3d Cir. 2010). In this case, Gonzalez fails to overcome this threshold, invoking the Due Process Clause in name only. He fails to tie the Due Process Clause to any alleged factual errors or failure to consider evidence, and the record does not indicate that any such errors deprived Gonzalez of "notice and a meaningful opportunity to be heard." Jarbough, 483 F.3d at 190. Further, such a claim does not constitute a question of law. Id. at 189. ("[C]ourts have recognized arguments such as that an Immigration Judge or the BIA incorrectly weighed evidence, failed to consider evidence, or improperly weighed equitable factors are not questions of law."). We therefore do not have authority to review this claim.

Gonzalez also asserts that the IJ misapplied the law to the facts. Such a claim constitutes a reviewable question of law. See Singh v. Gonzalez, 432 F.3d 533, 541 (3d Cir. 2006). However, Gonzalez provides no support for his claim and his assertions appear only to challenge the Agency's exercise of its discretion in determining that he did not meet the hardship requirement for cancellation of removal. As explained above, we lack jurisdiction to review that determination.

4

For the foregoing reasons, we will deny the petition for review. We deny the Government's motion to dismiss as moot.